GAITHER, EX'R *v.* HOBGOOD.

5-2824                                           362 S. W. 2d 18

Opinion delivered November 26, 1962.

*J. E. Still,* for appellant.

*McMillan & McMillan,* for appellee.

PAUL WARD, Associate Justice. John E. Gaither died testate on October 2, 1961 at the age of 89, survived by his widow, Pearl F. Gaither. To understand the import of this litigation it is necessary first to summarize certain portions of Mr. Gaither's will pertinent to the issue involved.

Among other provisions of the will there are the following:

(a) Deceased's brother, Fred Madden Gaither, is named executor. Two others named did not qualify.

(b) Deceased's niece, Nita Joyce Gaither Woods, her husband and her children were given a life estate in his 314½ acre farm provided they paid his widow $600 annually. (The deceased had no children.)

(c) It created the "Gaither Family Trust", with George G. Clark, James C. Hobgood and Jett Black as Trustees, and gave all deceased's property both real and personal, to the Trust. The Trustees were not allowed to mortgage the property unless authorized by the congregation of the Arkadelphia Presbyterian Church. After the death of deceased's widow the Trustees were to distribute annually the net income from the Trust equally to the Arkadelphia Presbyterian Church, to Arkansas College at Batesville, to the Austin Seminary at Austin, Texas, and to the Vera Lloyd Home at Monticello.

After the will was admitted to probate on November 22, 1961, the Executor filed a petition (on November 22, 1961) asking for authority to sell a certain interest in the real estate to pay claims against the estate in the amount of $3,917.28, stating there was only $108.81 in cash available to pay same. Attached to the petition was a "Description of Property to be Sold", which reads:

"The reversionary interest of the John E. Gaither farm, which includes Tax Parcels No. 4578, No. 4579, No. 7673, No. 7688, No. 7667, and No. 7670, all in Clark County, Arkansas, being 314½ acres, more or less.

The city property known as the W.O.W. Lodge Building, Tax Parcel No. 12401, more particularly described as: 25 feet of the North end of Lot 7, and 25 feet of the North end of Lot 18, all in Block 47, Browning's Survey of the City of Arkadelphia, Arkansas."

It was further stated in the petition that the property would "probably bring the sum of $5,000". A hearing on the above petition was set for January 9, 1962.

On January 8, 1962 the Trustees filed an objection to the proposed sale, stating they do not believe it is necessary to sell the property, but instead they asked to be permitted to negotiate a loan for a sufficient amount to pay

estate debts. In the alternative they asked that, if a sale is ordered, they be allowed to designate the property to be sold.

The issue was presented to the court upon the above pleadings without the introduction of any testimony. The court denied the Executor's petition to sell, stating: (a) The Trustees have offered to raise the necessary money to pay the estate debts, and if this is done there will be no reason to sell the property; (b) The Trustees are given the six months period allowed for the filing of claims in which to raise the money and pay the debts of the estate. From this order comes this appeal.

For the reasons hereafter mentioned we affirm the trial court's order, conceding, for the purpose of this opinion only, that it is an appealable order.

(a) It was the duty of the Executor, the Trustees, and the court to preserve the Trust intact if reasonably possible. Therefore, the court properly gave the Trustees an opportunity to do this by raising the necessary money to pay debts. Appellant objects on the ground that the will prevents the Trustee from mortgaging the real estate without the approval of the Arkadelphia Presbyterian Church which approval they do not have. The answer to this objection is that the Trustees may not intend to place a mortgage on the real estate. They may be able to raise the necessary money in some other manner. It is possible that the Trustees might want to try to take advantage of the provisions of Ark. Stats. § 62-2705.

(b) If it does become necessary to sell real estate we think the trial court would have the right to allow the Trustees to select the property to be sold. The record discloses that only $2,408.41 in debts have been allowed and approximately $2,300 more claims filed. The inventory discloses there are five separate parcels of real estate valued at a total of $57,000. One piece is valued at $25,000; one at $5,000; one at $5,000; one at $10,000; and, one at $12,000. It seems reasonable to us that the necessary money might be raised by the sale of less Trust property than that proposed by appellant.

(c)   We think it is incumbent on the trial court to avoid, if possible, the sale proposed by appellant. The value of the "reversionary interest" proposed for sale would depend on how long the life tenants lived. This unknown element would certainly not tend to produce offers favorable to the Trust.

Affirmed.